# NO. 12-08-00501-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TACORDRIS LYNN RODGERS,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*
### *PER CURIAM*

This appeal is being dismissed for want of jurisdiction. Appellant pleaded guilty to aggravated robbery and was placed on deferred adjudication community supervision. Subsequently, on the State's application to proceed to final adjudication, the trial court found Appellant guilty of aggravated robbery. Sentence was imposed on November 17, 2008.

Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court unless a motion for new trial is timely filed. TEX. R. APP. P. 26.2(a)(1). Where a timely motion for new trial has been filed, notice of appeal shall be filed within ninety days after the sentence is imposed or suspended in open court. TEX. R. APP. P. 26.2(a)(2). Appellant filed a motion for new trial on December 30, 2008, but the motion was untimely. *See* TEX. R. APP. P. 21.4(a) (in criminal case, motion for new trial must be filed no later than thirty days after imposition of sentence). Therefore, his notice of appeal was due to have been filed on or before December 17, 2008. However, Appellant did not file his notice of appeal until December 30, 2008 and did not file a motion for extension of time to file his notice of appeal as permitted by Texas Rule of Appellate Procedure 26.3. *See* TEX. R. APP. P. 26.3 (appellate court may extend time for filing notice of appeal if, within fifteen

days after deadline for filing notice of appeal, appellant files notice of appeal in trial court and motion complying with Texas Rule of Appellate Procedure 10.5(b) in appellate court).

On January 7, 2009, this court notified Appellant that the information received in this appeal does not include a notice of appeal filed within the time allowed by appellate rule 26.2 or a timely motion for an extension of time to file the notice of appeal as permitted by Texas Rule of Appellate Procedure 26.3. Consequently, Appellant was further informed that the information does not show the jurisdiction of this court and that the appeal would be dismissed unless on or before January 19, 2009, the information was amended to show jurisdiction. To date, Appellant has neither responded to the court's January 7, 2009 or otherwise shown the jurisdiction of the court.

Because this court has no authority to allow the late filing of a notice of appeal except as provided by Rule 26.3, the appeal must be dismissed. *See **Slaton v. State***, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Accordingly, the appeal is ***dismissed for want of jurisdiction***.

Opinion delivered January 30, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)